COHEN, J.,
dissenting.
Jeramie Eichhorn appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. I would reverse and remand for a new trial.
Eichhorn was charged and convicted of two counts of sexual battery on a child under the age of twelve and one count of lewd and lascivious exhibition. He is currently serving a sentence of life imprisonment on the sexual battery charges and a concurrent fifteen-year sentence on the exhibition charge. Eichhorn raised a number of grounds in his motion, most of which were disposed of summarily. Two grounds were set for an evidentiary healing. Those two related grounds alleged ineffective assistance of counsel. The claims centered on the advice Eichhorn’s defense attorney gave him regarding a plea offer of five years in the Department of Corrections, and on the attorney’s failure to advise him regarding the admission of evidence from a Williams rule[1] witness.
At the postconviction hearing, Eich-horn’s defense attorney, David Rodriguez, testified, along with Eichhorn and his mother. On the issues critical to the claims raised in the motion for postconviction relief, their testimony was fairly consistent.
Rodriguez believed, and continued to believe as of the date of the hearing, that the State had a weak case, and that Eichhorn would be acquitted. He unequivocally communicated this to both Eichhorn and his mother:
[Eichhorn’s postconviction attorney]: Would it be fair to say, Mr. Rodriguez, that you believed he’d be found not guilty?
[Rodriguez]: Absolutely.
[Eichhorn’s postconviction attorney]: And did you convey that to them?
[Rodriguez]: Absolutely. I don’t deny that at all.
[Eichhorn’s postconviction attorney]: And should a client believe in the veracity of his attorney?
[Rodriguez]: Absolutely. I would hope so—
[[Image here]]
[Eichhorn’s postconviction attorney]: [D]id you convey your confidence in this case and your lack of confidence that the [S]tate could get a conviction to Mr. Eichhorn?
[Rodriguez]: Sure. Absolutely. I don’t deny that at all ....
[Eichhorn’s postconviction attorney]: Okay. And Mr. Eichhorn had every reason in the world to believe you, right?
*1061 [Rodriguez]: Again, I would hope that he would trust my opinion, sure.
The trial judge focused on Rodriguez’s testimony that he did not “guarantee” he would win; however, that is certainly the impression that he gave his client. Both Eichhorn and his mother testified that Rodriguez told them that there was “no way” they should take the five-year plea offer made by the State, and that the offer revealed that the State had no case. Although Rodriguez denied making those statements, he could not actually recall the State having made a five-year plea offer. When asked whether he had told Eichhorn that he would be going home at the end of the trial, Rodriguez was again unable to recall, but said that it was possible. Perhaps Rodriguez’s memory might have been refreshed had he availed himself of the opportunity to review his file. But, despite repeated requests for its production, Rodriguez failed to produce the file, conveniently claiming that it had been misplaced.
At the time Rodriguez was painting a picture of freedom for Eichhorn, Rodriguez knew that the victim was available for trial. And despite failing to obtain a pretrial ruling on the competency of the victim to testify, he was confident that “the child was not competent to testify .... I did not believe it and to this day and all due respect to the—to the judge, I do not believe, and I’ll sit here on the stand and tell you right now, that that child was ... not competent to testify.”
Additionally, Rodriguez failed to obtain a pretrial ruling on the admissibility of certain Williams rule evidence; yet he communicated to Eichhorn that he “didn’t think the Court was going to grant the Williams rule and allow [the Williams rule witness] to testify.”
The testimony of Eichhorn and his mother was generally consistent with Rodriguez’s. Both Eichhorn and his mother testified that Rodriguez had unequivocally advised Eichhorn that he would be acquitted of all charges. Both testified that they were not informed that the Williams rule witness would testify until trial, which Rodriguez denied.
It is not our function to reweigh the evidence. Still, the evidence in this case is uncontroverted that, while the word “guarantee” might not have been used, that was the import of the advice given. Additionally, despite failing to obtain a pretrial ruling on the victim’s competency, under the mere belief that the victim was not competent to testify, Rodriguez conveyed to Eichhorn that the court would not allow the victim to testify. Despite failing to obtain a pretrial ruling on the Williams rule evidence, Rodriguez advised Eichhorn that the prior allegations would not come into evidence. Rodriguez’s actions resulted in his client turning down a five-year offer, and instead serving a life sentence in prison. Even if the trial judge completely rejected the testimony of Eichhorn and his mother, as he appears to have done, the testimony of Rodriguez alone reflects ineffective assistance of counsel.
The testimony, taken as a whole, reflected serious deficiencies and misadvice. In denying the motion for postconviction relief, the trial judge ignored the import of the witnesses’ testimony, and instead focused on the answers to questions that the judge himself posed to Rodriguez.[2]
The trial court made a credibility determination, believing Rodriguez rather than Eichhorn and his mother. At the time of the hearing, Rodriguez had been suspended indefinitely from the practice of law by *1062 the Florida Bar for a pattern of conduct reflecting dishonesty and obstruction of the disciplinary process. The trial judge was aware of the suspension and should have been aware that such emergency suspensions are rare and reflect serious concerns about a lawyer’s character. Apparently that did not trouble the judge. Subsequently, the Florida Bar disbarred Rodriguez for misconduct involving dishonesty, fraud, deceit, or misrepresentation.
The facts of this case present a quintessential example of ineffective assistance of counsel. Accordingly, I would reverse the conviction.

. Williams v. State, 110 So.2d 654 (Fla. 1959).

. No objection was raised either below or on appeal to the trial judge’s questioning of the witness. This questioning elicited evidence not covered by the prosecutor, which the trial judge relied upon to deny the motion.